UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANAA HAMMOU, | CASE NO. C17-0572JLR |
| Plaintiff, | ORDER |
| v. | |
| USCIS, | |
| Defendant. | |

On October 4, 2017, the court entered an order dismissing Plaintiff Sanaa

Hammou's complaint because he did not timely respond to the court's order to show

cause why he had failed to serve Defendant within the time limit proscribed by Federal

Rule of Civil Procedure 4(m).[1] (*See* Order (Dkt. # 13); *see also* OSC (Dkt. # 12).) Later

---

[1] In the complaint, Plaintiff uses female pronouns when referring to Plaintiff. (*See*
Compl. (Dkt. # 11) at 2 ("She was scheduled for biometrics on December 22, 2010.").)
However, in the response to the court's order to show cause, Plaintiff uses male pronouns when
referring to Plaintiff. (*See* Resp. to OSC (Dkt. # 14) at 2 ("Petitioner also wishes to bring to the
court's attention, [sic] his new mailing addressed [sic] where he can be reached.").) It is unclear
to the court whether Plaintiff prefers the use of male or female pronouns. Because Plaintiff uses

that same day, Mr. Hammou filed a delinquent response to the court's order to show cause.  (*See* Resp. to OSC (Dkt. # 14).)

The court will liberally construe Mr. Hammou's untimely response to its order to show cause as a motion for reconsideration of its order dismissing his complaint without prejudice.  *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants.").[2]  In his response, Mr. Hammou asserts that he did not receive a copy of the summons, which court personnel mailed to him on May 8, 2017.  (Resp. to OSC at 2.) Mr. Hammou also provides the court with a new mailing address.  (*Id.*)  He asks the court to resend the summons to him so that he can serve it on Defendant.  (*Id.*)

Mr. Hammou fails to show good cause for his failure to comply with Rule 4(m). Mr. Hammou's response to the court's order to show cause implies that he did not receive the copy of the summons sent to him by the Clerk's office because his address had changed.  (Resp. to OSC at 2.)  However, it was Mr. Hammou's responsibility to promptly inform the court of any change to his address.  *See* Local Rules W.D. Wash.

male pronouns in reference to himself in his most recent filing with the court, the court uses male pronouns as well.

[2] Motions for reconsideration are disfavored.  Local Rules W.D. Wash. LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  *Id.*  As explained below, Mr. Hammou fails to meet the standard for reconsideration.  Even if, however, Mr. Hammou had timely filed his response to the court's order to show cause, the court would have found that he failed to show good cause for his lack of compliance with Rule 4(m) and would have still dismissed his complaint without prejudice.

LCR 10(f) ("[A]ny party not represented by an attorney must file a notice with the court of any change in address, telephone number or e-mail address.").  Thus, his failure to receive a copy of the summons in the mail was due to his own neglect.  Further, he fails to explain why he made no inquiry at the Clerk's office when he did not receive copies of the summons in the mail.  (*See generally* Resp. to OSC.)   Ultimately, it is Mr. Hammou—not the court—who bears the responsibility of obtaining a copy of the summons and timely serving it on Defendant along with a copy of the complaint. [3]  *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."); Local Rules W.D. Wash. LCR 4(a) ("It is the obligation of a party seeking the issuance of a summons by the clerk to present the summons to the clerk in the proper form, prepared for issuance, with sufficient copies for service.  Forms of summons may be obtained from the clerk.").  Thus, the court concludes that Mr. Hammou has failed to demonstrate good cause for his failure to comply with the time limits for completing service of process under Rule 4(m).  *See Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (*per curiam*) (noting that the Rule 4(m) time limit for service "is intended to force parties and their attorneys to be diligent" and that "inadvertent" or "heedless" noncompliance with the rule is not good cause, and affirming dismissal for lack of timely service where the plaintiff did not contend that he

---

[3] Mr. Hammou could have requested service by a United States marshal and the court would have so ordered, *see* Fed. R. Civ. P. 4(c)(3), but he never made any such request (*see generally* Dkt.).

or his attorney attempted to serve defendants, were confused about the requirements of service, or were prevented from effecting timely service by factors beyond their control).[4]

Absent a showing of good cause, the court has "broad discretion" to decide whether or not to extend the time for service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The court "may," but is not required to, "consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of the lawsuit, and eventual service.'" *Id.* (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir.1998)); *see Troxell*, 160 F.3d at 383 (holding that the district court did not abuse its discretion in not relying on those factors in declining to extend the time for service of process, and instead properly evaluated the conduct of the plaintiff and her lawyer "as a whole").

Mr. Hammou has not indicated that the statute of limitations is an issue with respect to the dismissal of his suit without prejudice. (*See generally* Resp. to OSC.) Further, in this instance, Mr. Hammou received a de facto extension of the 90-day period

---

[4] The court is cognizant of Mr. Hammou's pro se status. Nevertheless, a party's ignorance of Rule 4(m) does not excuse lack of timely service. *See Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir.1992) (stating that "inadvertent error or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service"), *overruled on other grounds by Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1050 (9th Cir. 2002); *Townsel v. Contra Costa Cty.*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that the plaintiff's attorney's ignorance of the Rule 4(m) time period was not good cause for untimely service). Further, Mr. Hammou's pro se status does not excuse him from complying with the governing procedural rules. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (*per curiam*) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). In general, a judge has "no obligation to act as counsel or paralegal to *pro se* litigants," *Pliler v. Ford*, 542 U.S. 225, 231-32 (2004), or "to become an 'advocate' for or to assist and guide the *pro se* layman through the trial thicket," *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) (quoting *Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986)).

1   for service of process under Rule 4(m) because the court's order to show cause was not

2   filed until approximately six weeks after the Rule 4(m) period had expired.  (*See* Dkt.)

3   Based on the reasons presented by Mr. Hammou for his failure to accomplish service

4   within the time period provided under Rule 4(m), and his conduct as a whole in this case

5   in failing to timely inform the court of his change of address and failing to timely respond

6   to the court's order to show cause, the court concludes Mr. Hammou has not shown good

7   cause for his failure to timely serve the summons and complaint is not entitled to a further

8   discretionary extension of time.

9          Dated this 6th day of October, 2017.

10

11

12          JAMES L. ROBART
            United States District Judge

13

14

15

16

17

18

19

20

21

22